# VIRGINIA *v.* TENNESSEE.

## ORIGINAL.

No. 3. Original. Submitted May 6, 1895. — Decided May 20, 1895.

This court is without jurisdiction to enter a consent decree at this term in a cause finally determined at October term, 1893, and improperly retained upon the docket at this term.

THE following papers were presented to the court in support of a motion for a decree in this case:

To G. W. PICKLE, *Attorney General of Tennessee:*

*Take notice* that the State of Virginia, by R. Taylor Scott, her attorney general, on Monday, the 6th day of May, 1895,

at Washington, D. C., will move the Chief Justice and Associate Justices of the Supreme Court of the United States to enter as a decree of said court in the cause aforesaid the decree in form and substance as set out in the paper "*marked H,*" attached hereto and made part and parcel of this notice, said "*paper H*" being the form and substance of a decree as agreed by and between the counsel who represent the parties, plaintiff and defendant, in the aforesaid cause.

THE COMMONWEALTH OF VIRGINIA,

By R. TAYLOR SCOTT, *Attorney General.*

RICHMOND, VA., *April* 15, 1895.

I do hereby accept legal service of the notice hereto attached, dated the 15th day of April, 1895, and consent that the decree in form as thereto annexed shall be made in *this* cause; and I do further agree that this shall be done without amendment to the original bill filed by the State of Virginia in this case, if this can be lawfully done.

Given under my hand this 18th day of April, 1895.

G. W. PICKLE,

*Attorney General for Tennessee.*

"MARKED H."

SUPREME COURT OF THE UNITED STATES, OCTOBER TERM, 1894.

THE STATE OF VIRGINIA.
v. } No. 3, Original.
THE STATE OF TENNESSEE.

This day this cause came on to be further heard upon the record heretofore made and motion in writing submitted to the court by the State of Virginia, viz.: That this court, in accordance with its opinion and the decree made in this cause on the 13th day of April, 1893, have laid down, remarked, and defined the boundary line by said decree established between the States of Virginia and Tennessee according to the compact made between them in 1803. On consideration whereof and with the consent of the complainant, given by her

attorney general, and there being no objection on the part of the State of Tennessee, the court doth adjudge, order, and decree that—— ——, who are hereby appointed special commissioners for that purpose and authorized to do all and singular such acts as may be necessary, do lay down, distinctly remark, and clearly define the boundary line established between the States of Virginia and Tennessee by the compact of 1803, as construed by the opinion and decree of this court made on the 13th day of April, 1893. In executing this decree the court doth direct that the said special commissioners be permitted to use the court's record of this case or such part thereof as they shall find necessary.

The court doth direct that the boundary line aforesaid between Cumberland Gap and White Top Mountain shall be marked at intervals of not over five (5) miles by distinct and durable stone monuments;

That the corner between the States of Virginia and Tennessee upon said mountain be also marked by a durable monument of stone;

That the said boundary line from White Top Mountain through Denton's valley and the country in the record called the "Triangle" shall be marked by stone monuments, so designed, located, and arranged as to make distinct and unmistakable this line;

That stone monuments be placed at the eastern and western limits of the cities of Bristol, in the States of Virginia and Tennessee, and the said boundary line through said cities be distinctly and clearly marked;

That a corner stone as a monument be placed at Cumberland Gap;

That the said boundary line from Station Creek, near Cumberland Gap, to the western corner on the top of Cumberland Mountain, at proper intervals be marked by stone monuments;

That said special commissioners, as soon as possible after assuming the duties imposed by this decree, do make full report to this court of their action pursuant thereto, and with said report do return a plat and survey of the aforesaid boundary line, monuments, etc.

And the court doth further order and decree that the costs of said survey, plat, etc., when allowed by this court, shall be paid equally by the parties to this cause — that is to say, one-half thereof by the State of Virginia and the other half thereof by the State of Tennessee.

*Mr. R. Taylor Scott,* Attorney General of the State of Virginia, for the motion.

Mr. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a suit to establish the true boundary line between the States of Virginia and Tennessee, and proceeded to a decree on April 3, 1893, at October term, 1892, "that the boundary line established between the States of Virginia and Tennessee by the compact of 1803, between the said States, is the real, certain, and true boundary between the said States, and that the prayer of the complainant to have the said compact set aside and annulled, and to have a new boundary line run between them on the parallel of 36° 30' north latitude, should be, and the same is hereby, denied, at the costs of the complainant."

In view of some observations made, on the argument of the case, upon the propriety and necessity, if the line established in 1803 were sustained, of having it rerun and remarked, so as thereafter to be more readily identified and traced, it was stated in the opinion "that on a proper application, based upon a showing that any marks for the identification of that line have been obliterated or have become indistinct, an order may be made, at any time during the present term, for the restoration of such marks without any change of the line." *Virginia* v. *Tennessee,* 148 U. S. 503, 528. Subsequently, on May 15, 1893, a motion was made on behalf of the State of Virginia to restore the boundary marks between the two States alleged to be indistinct and obliterated, and to allow complainant to take additional testimony, the consideration of which was postponed to October term, 1893, when and on

October 16, 1893, the motion was denied. Application is now made on behalf of the State of Virginia to this court to enter a decree in this cause for the remarking of the boundary line as set forth therein, to the granting of which the State of Tennessee consents. But we find ourselves unable to enter the order desired, as our power over the cause ceased with the expiration of October. term, 1893, and it should not have been retained on the docket. The application must therefore be denied, but without prejudice to the filing of a new bill or petition, upon which, the parties being properly before the court and agreeing thereto, such a decree may be entered.

*Application denied and case stricken from the docket.*